People v D.D.

2026 NY Slip Op 03085

May 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

D.D., Defendant-Appellant.

Decided and Entered: May 14, 2026

Ind No. 70352/21, 70736/22|Appeal No. 5337-5337A|Case No. 2022-03393|

Before: Webber, J.P., Scarpulla, Rodriguez, Higgitt, Chan, JJ.

Twyla Carter, The Legal Aid Society, New York (Isabel Patkowski of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (Brian Witthuhn of counsel), for respondent.

[*1]

Judgments, Supreme Court, Bronx County (Denis J. Boyle, J., at retention hearing; Steven L. Barrett, J., at suppression hearing; Laurence E. Busching, J., at pleas and sentencing), both rendered August 1, 2022, convicting defendant, upon his pleas of guilty, of criminal possession of a weapon in the second degree (indictment No. 70352/21), and attempted criminal possession of a weapon in the second degree (indictment No. 70736/22), and sentencing him, under indictment No. 70352/21, as a youthful offender, to a term of 1⅓ to 4 years, and, under indictment No. 70736/22, to a concurrent term of 2 years, unanimously modified, on the law, to the extent of vacating the sentence on indictment No. 70736/22 and remanding for a youthful offender determination, and otherwise affirmed.

Defendant validly waived his right of appeal, which tracked the model colloquy (see People v Thomas, 34 NY3d 545, 567 [2019], cert denied 589 US --, 140 S Ct 2634 [2020]). Defendant acknowledged signing a written waiver advising him that he forfeited the right to challenge denial of his suppression motion and retained the right to challenge denial of youthful offender adjudication (see People v Ramos, 7 NY3d 737, 738 [2006]; People v Colon, 190 AD3d 563 [1st Dept 2021], lv denied 37 NY3d 955 [2021]). In addition, as part of the oral colloquy, which defendant acknowledged he understood, the court informed him that an attorney would be provided to assist him on appeal if he could not afford one (see People v Yizar, 240 AD3d 416, 416 [1st Dept 2025], lv denied 44 NY3d 985 [2025]).

Defendant's valid waiver forecloses review of his suppression arguments (see People v Walker, 46 AD3d 327 [1st Dept 2017], lv denied 10 NY3d 818 [2008]).

While defendant argues that the court improperly retained his case under indictment No. 70352/21, the People demonstrated by a preponderance of the evidence through grand jury testimony, surveillance video, and ballistics evidence that defendant "displayed a firearm . . . in furtherance of" (see CPL 722.23[2][c][ii]) the violent felony offense of second-degree weapon possession (see Penal Law §§ 70.02[1][b], 265.03[1][b]) by displaying his gun, racking it, and threatening the victim.

As the People concede, the court's failure to make a determination whether "mitigating circumstances existed to warrant youthful offender treatment or set forth its reasoning on the record" requires a remand of the judgment on indictment No. 70736/22 (CPL 720.10[3]; People v Jaswane M., 234 AD3d 619 [1st Dept 2025]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 14, 2026